IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


ROY A. DURHAM, JR.,

        Plaintiff,

  vs.                                  Civil Action 2:14-cv-581
                                        Judge Marbley
                                        Magistrate Judge King

GARY C. MOHR, *et al.,*

        Defendants.


**ORDER AND REPORT AND RECOMMENDATION**


      Plaintiff, currently incarcerated in the Southern Ohio Correctional Facility, brings this action under 42 U.S.C. § 1983 alleging that defendants failed to place plaintiff in protective custody at the Ross Correctional Institution ("RCI") and thus subjected plaintiff to harassment and assault by other inmates in violation of plaintiff's rights under the Eighth Amendment to the United States Constitution. The *Complaint* names as defendants forty (40) officials of the Ohio Department of Rehabilitation and Correction ("ODRC") and various prison institutions. This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. §§ 1915(e), 1915A.

      The *Complaint* alleges that plaintiff has been the victim of a plot to publicize the nature of his criminal conviction and expose him as a "snitch," thus subjecting him to harassment and assaults. After having been incarcerated in various Ohio prisons, plaintiff was

transferred to RCI in February 2012. *Id.* at ¶ 58.  Harassment and assaults to which plaintiff had been allegedly subjected at the other institutions continued at RCI, plaintiff alleges, and defendants also "manipulate[ed] records" so as to "avoid civil liability for injuries caused to Plaintiff . . . ."  *Id.*, at ¶ 59.  Incidents continued throughout April 2012 through June 19, 2012.  *Id.* at ¶¶ 60 – 87. The *Complaint* appears to have been executed by plaintiff on June 12, 2014. *Id*. at PAGEID #41.

Plaintiff has asserted similar claims against some of the same defendants in connection with incidents that are alleged to have occurred at the Warren Correctional Institution ("WCI").  *Durham v. Chief Bureau of Classification and Reception, et al.,* 1:13-cv-226 (S.D. Ohio). The claims asserted in this action against defendants Michael Sheets (WCI warden), Justin Johnson (WCI unit staff member), and Rosalie Battles, (WCI case manager) –who are also named defendants in that litigation – should be pursued in 1:13-cv-226 rather than in this litigation.

Plaintiff also names as a defendant Keith Smith, the warden at the Toledo Correctional Institution.  Any claims that plaintiff may have against this defendant arose more than two (2) years prior to the execution of the *Complaint* and are therefore untimely.  See *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989)(*en banc*).

Also untimely are claims arising out of events that are alleged to have occurred at RCI more than two years prior to the execution of the *Complaint* on June 12, 2014.  *See id*.

2

It is therefore **RECOMMENDED** that the claims against defendants Michael Sheets, Justin Johnson and Rosalie Battles be **DISMISSED** without prejudice to pursuit in 1:13-cv-226 rather than in this litigation, that the claims against defendant Keith Smith be **DISMISSED** as untimely and that claims arising out of events that are alleged to have occurred more than two years prior to June 12, 2014 be **DISMISSED** as untimely.

If plaintiff submits a copy of the *Complaint*, a summons and a Marshal service form for each of the remaining defendants, the United States Marshals Service will effect service of process. Each defendant may have forty-five (45) days after service of process to respond to the *Complaint*. Plaintiff is **ADVISED** that the Court may dismiss the claims against any defendant not served with process within 120 days. *See* Fed. R. Civ. P. 4(m).

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the

decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

*s/Norah McCann King*  
Norah M<sup>c</sup>Cann King  
United States Magistrate Judge

DATE: June 17, 2014