IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


ROY A. DURHAM, JR.,

          Plaintiff,

   vs.                       Civil Action 2:14-cv-581
                                     Judge Marbley
                                     Magistrate Judge King

GARY C. MOHR, *et al.*,

          Defendants.


ORDER AND
REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated in the Toledo Correctional Institution ("ToCI"), brings this action under 42 U.S.C. § 1983 alleging that defendants failed to place plaintiff in protective custody and thus caused plaintiff to be subjected to harassment and assault by other inmates, in violation of plaintiff's rights under the Eighth Amendment to the United States Constitution.  This matter is now before the Court on *Defendants' Motion to Dismiss*, ECF 28 ("*Motion to Dismiss*") and plaintiff's request to submit and "make exhibits part of the pleadings and case," ECF 36.  For the reasons that follow, plaintiff's request to submit exhibits, ECF 36, is **DENIED** without prejudice to renewal at a later stage of the proceedings. It is **RECOMMENDED** that the *Motion to Dismiss* be **GRANTED**.

I.    **Background.**

The *Complaint,* ECF 3, was filed by plaintiff on June 17, 2014 when plaintiff was incarcerated at the Southern Ohio Correctional

Facility ("SOCF"). It appears that plaintiff signed the *Complaint* on June 12, 2014. Named as defendants in the original *Complaint* were officials of the Ohio Department of Rehabilitation and Correction ("ODRC"), the Warden of the Toledo Correctional Institution, ("ToCI"), 30 employees at the Ross Correctional Institution ("RCI"), and three employees at the Warren Correctional Institution ("WCI"): Michael Sheets, the Warden at WCI, and Justin Johnson and Rosalie Battles, case managers at WCI. The *Complaint* alleged a "plot" to "taunt[]" and "harass[]" plaintiff that began prior to his incarceration and which continued at the various prisons to which plaintiff has been assigned. *Id.*, ¶¶ 47-49. The *Complaint* specifically referred to a separate lawsuit filed by plaintiff in the Cincinnati Division of this Court, *Durham v. Chief Bureau of Classification and Reception*, 1:13-cv-226 (S.D. Ohio), which addresses events at WCI. *Id.* at ¶ 54. The remainder of the original *Complaint* referred to events that are alleged to have occurred at RCI, and sought monetary damages.

In the June 17, 2014 initial screen of the original *Complaint*, ECF 3, the undersigned recommended that the claims against defendants Michael Sheets, Justin Johnson and Rosalie Battles, *i.e.,* the WCI defendants, be dismissed without prejudice to pursuit in *Durham v. Chief Bureau of Classification and Reception, et al.,* 1:13-cv-226. *Order and Report and Recommendation*, ECF 4, p. 3.[1] On July 10, 2014,

---

[1] The undersigned also recommended that the claims against defendant Keith Smith be dismissed as untimely and that claims arising out of events that were alleged to have occurred more than two years prior to June 12, 2014 be dismissed as untimely. *Id.*

plaintiff filed an *Amended Complaint*, ECF 8, which named as defendants only employees of the ODRC and RCI. *Id.* at ¶¶ 8-40.[2] Noting that the *Amended Complaint* did not assert claims against defendants Michael Sheets, Justin Johnson, or Rosalie Battles, the undersigned withdrew the June 17, 2014 *Report and Recommendation*, ECF 4. *Id.*

Plaintiff was advised on a number of occasions of his obligation to provide sufficient copies of the *Complaint* or *Amended Complaint*, as appropriate, to enable the United States Marshals Service to effect service of process on the named defendants; plaintiff was also advised that Rule 4(m) of the Federal Rules of Civil Procedure requires that the claims against any defendant not served with process within 120 days must be dismissed. *See, e.g., Order and Report and Recommendation,* ECF 4; *Order*, ECF 7; *Order,* ECF 10; *Order,* ECF 12. On November 17, 2014, the Court, noting that plaintiff had submitted summonses, Marshals service forms and copies of the *Amended Complaint* for each of the named defendants, but had provided copies of only some of the exhibits, nevertheless directed the United States Marshals Service to effect service of process, by certified mail, on each of the named defendants. *Order*, ECF 14.  On January 5, 2015, the summonses issued to defendants Rick Cockrill, L.C. Coval, Harnes, Earlena Schorr, Timothy Stirr and Robert Whitten were returned

---

[2] Plaintiff crossed out the allegations against defendants Michael Sheets, Justin Johnson and Rosalie Battles in the *Amended Complaint*.  *See* ECF 6-1, ¶¶ 44-46 (proposed amended complaint), ECF 8, ¶¶ 44-46 (same, but operative *Amended Complaint*).  These four individuals were terminated as defendants on July 10, 2014.

unexecuted, with the notation that these defendants were no longer employed at RCI. *Summonses Returned Unexecuted*, ECF 21. On January 13, 2015, plaintiff was again reminded that the claims against any defendant not served with process within 120 days must be dismissed. *Order*, ECF 27, p. 2 n.1.

Plaintiff has initiated at least two (2) other lawsuits in this District, each addressing similar claims at various Ohio prisons. *Durham v. Chief Bureau of Classification and Reception*, 1:13-cv-226; *Durham v. Moore*, 1:14-cv-816.

## II.  Motion to Dismiss

Defendants now move to dismiss portions of the *Amended Complaint* on a variety of grounds.[3]

### A.  Statute of Limitations

First, defendants argue that the Court should dismiss claims arising out of allegations that fall outside the two-year statute of limitations. *Motion to Dismiss*, pp. 2-3 (citing *Amended Complaint*, ¶¶ 54-95 and a portion of ¶ 151); *Reply*, pp. 1-2. Plaintiff acknowledges that "the limitations period begins to run when a reasonable person knows, or in the exercise of due diligence, should have known, 'both the injury and the cause of the injury,'" *Opposition*, p. 2, but argues that his claims are timely because defendants knew that plaintiff was the victim of an "ongoing campaigne [sic] of harassment and related attacks" that began before his incarceration and continued throughout his incarceration in various Ohio prisons. *Id*. at 2-3.

---

[3]Defendants have filed an answer to the remaining claims. *Answer*, ECF 29.

Plaintiff appears to argue that his claims are timely because they arise out of a continuing course of conduct. *Id*. at 3-4.

Claims that arise in Ohio under 42 U.S.C. § 1983 must be initiated within two (2) years of the time the cause of action accrues. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (*en banc*). In general, a civil rights claim for relief accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Eidson v. Tenn. Dep't of Children's Servs*., 510 F.3d 631, 635 (6th Cir. 2007); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

Plaintiff signed the *Complaint* on June 12, 2014; that is therefore the earliest date on which this case may be regarded as having been filed. *See Houston v. Lack*, 487 U.S. 266 (1988)(Prisoner filing is regarded as filed as of the time it is deposited in the prison mailbox). Events that are alleged to have arisen before June 12, 2012 would therefore ordinarily be untimely. As noted, plaintiff appears to contend that claims based on events that are alleged to have occurred prior to that date, and even at prisons other than RCI, are timely brought in this action because they are based on a continuing course of misconduct.

The continuing violation doctrine is a narrow exception to the ordinary rule that a statute of limitations begins to run at the time

5

the alleged misconduct occurred. *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 379 (1982); *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003). However, the doctrine is "rarely" applied to § 1983 actions. *Sharpe v. Cureton*, 319 F.3d at 267. The United States Court of Appeals for the Sixth Circuit has referred to two possible categories of continuing violations: those alleging serial violations and those identified with one longstanding and demonstrable policy of discrimination. *Id*. at 266. Where the claims are based on the first category, *i.e.,* serial violations, "the continuing violation doctrine may not be invoked to allow recovery for acts that occurred outside the filing period." *Id*. (citing *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). Where the claims are based on the second category of continuing violations, *i.e.,* a longstanding and demonstrable policy of misconduct, a plaintiff must allege (and ultimately establish) something more than the mere existence of mistreatment. *Id.* at 268.

Some of the claims asserted in this action arise out of a series of events that are alleged to have occurred more than two years prior to the execution of the *Complaint* on June 12, 2014. *See*, *e.g.*, *Amended Complaint*, ¶¶ 54-87, 151. The facts underlying this series of alleged events occurred more than two years prior to June 12, 2014, and plaintiff's claims arising out of those alleged events were known or should have been known to him at the time they occurred. Because plaintiff waited more than two years after those events to initiate

this action, his claims based on those events are untimely. *See Sharpe v. Cureton*, 319 F.3d at 266.

To the extent that plaintiff may intend to rely on an alleged policy of misconduct, he has not alleged any facts to support his conclusory allegation of a "plot" against him, nor has he alleged any facts to support even a suggestion that officials at the ODRC and the various prison institutions have formulated and implemented a uniform policy intended to subject plaintiff to abuse and harassment by other inmates at prisons across the state. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(Although a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.). *See also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In short, the Court concludes that claims based on events that are alleged to have occurred prior to June 12, 2012 are untimely.

**B. Claims against WCI Defendants**

Defendants next contend that the *Amended Complaint* improperly asserts claims against defendants Sheets, Johnson and Battles, current or former employees at WCI, who were also named as defendants in *Durham v. Chief Bureau of Classification and Reception, et al.,* 1:13-cv-226.[4] *Motion to Dismiss*, p. 3 (citing *Amended Complaint*, ¶¶ 9, 63,

---

[4] The claims asserted against Sheets and Johnson in *Durham v. Chief Bureau of Classification and Reception, et al.,* 1:13-cv-226, remain pending. The claims

64, 65, 69, 150, 176, 192); *Reply*, p. 2. Plaintiff insists that the claims against these defendants are properly joined in this action because these defendants participated in an "ongoing campaigne [sic] of harassment and related plots[.]" *Opposition*, p. 4.

As previously noted, plaintiff has instituted other litigation in connection with events that are alleged to have occurred at WCI, *Durham v. Chief Bureau of Classification and Reception, et al.,* 1:13-cv-226. As this Court previously observed, the claims asserted by plaintiff in this action against the WCI defendants, *i.e.*, Sheets, Justin Johnson, and Battles, should be pursued in that action rather than in this. *Order and Report and Recommendation*, ECF 4. This Court reaffirms that observation and concludes that the claims asserted by plaintiff in this litigation against defendants Sheets, Justin Johnson and Battles should be dismissed without prejudice to prosecution in *Durham v. Chief Bureau of Classification and Reception, et al.,* 1:13-cv-226.

**C. Claims against Defendants Not Served with Process**

Defendants also urge the Court to dismiss the claims asserted against defendants Earlena Schorr, Rick Cockrill, Timothy Stirr, Haynes, Robert Whitten and L.C. Coval pursuant to Fed. R. Civ. P. 4(m) because service of process was not effected within 120 days of the assertion of the claims against them. *Motion to Dismiss*, p. 3 (citing *Amended Complaint*, ¶¶ 105-07, 119, 132, 136, 137, 139, 140, 143-44, 147, 160, 167-68, 180, 182, 183, 185); *Reply*, pp. 2-3. Plaintiff

---

asserted against Battles in that action were dismissed on December 31, 2014 for failure to effect service of process. *Id., Decision and Entry*, ECF 75.

argues that dismissal of the claims against these defendants is inappropriate because he was unaware, until his receipt of the Court's January 16, 2015 *Order*, ECF 27, that these defendants had not been served with process. *Opposition*, pp. 5-6. Plaintiff asks for yet additional time in which to effect service of process on these defendants. *Id*. at 6-7.

Rule 4(m) of the Federal Rules of Civil Procedure requires that a court "dismiss the action without prejudice against [a] defendant or order that service be made within a specified time" if a plaintiff does not effect service of process within 120 days of the filing of the complaint. However, if a plaintiff who does not complete service within this period establishes good cause for that failure, a court "must extend the time for service for an appropriate period." *Id. See also Nafziger v. McDermott Int'l, Inc*., 467 F.3d 514, 521 (6th Cir. 2006) ("Dismissal of the action 'shall' follow unless the 'plaintiff shows good cause' for failure to meet the 120-day deadline.") Determining whether good cause has been shown is left to the discretion of the district court. *Nafziger*, 467 F.3d at 521.

The *Complaint* was formally docketed on June 17, 2015. It was not until October 31, 2014 that plaintiff even submitted most of the papers necessary to permit the United States Marshals Service to effect service of process on defendants. Service on defendants Earlena Schorr, Rick Cockrill, Timothy Stirr, Haynes, Robert Whitten and L.C. Coval was not completed because the address provided by plaintiff for these defendants was not good. In asking for yet an additional period

of time in which to effect service on these defendants, plaintiff offers no suggestion that he can provide a valid address for them. Under all these circumstances, the Court concludes that yet additional time for service of process is unwarranted.

### D. Claims against Defendant Mohr

Finally, defendants argue that the Court should dismiss the claims against defendant Gary Mohr, the Director of the Ohio Department of Rehabilitation and Correction, because plaintiff has failed to allege that this defendant directly participated in the events underlying plaintiff's claims. *Motion to Dismiss*, p. 3 (citing *Amended Complaint*, ¶¶ 167-68, 176, 192); *Reply*, pp. 3-4. Plaintiff disagrees and also asks that he be permitted to amend his complaint to "include facts regarding defendant Mohr which Plaintiff mistakenly left out." *Opposition*, pp. 7-8.

As noted *supra*, a valid claim must contain "more than labels and conclusions. . . ." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. Moreover, liability based on a theory of *respondeat superior* is not cognizable under § 1983. *See Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005); *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). In order to be held liable under § 1983, a defendant with supervisory authority must have either "encouraged the specific incident of misconduct or in some other way directly participated in it." *Turner*, 412 F.3d at 643. In other words, defendant Mohr cannot be held liable merely for other

10

defendants' alleged acts or failures to act and claims asserted against him, to be valid, must be supported by factual allegations which, if proven, would establish plaintiff's right to relief.

In the case presently before the Court, most of plaintiff's allegations against defendant Mohr amount to nothing more than labels and conclusions.  For example, plaintiff alleges generally that defendant Mohr was "deliberately indifferent to his [plaintiff's] health and safety" in violation of plaintiff's constitutional rights; that defendant Mohr's "acts, omissions/failures," which are otherwise unspecified, caused plaintiff's injuries; that defendant Mohr "failed to take reasonable measures to ensure fairness of disciplinary proceedings"; that defendant Mohr's "acts, omissions/failures caused plaintiff Durham continued confinement in segregation and cause emotional distress and physical injuries, and suffering of pain"; and that defendant Mohr was deliberately indifferent by "failing to take reasonable measures to abate the risk of continued harassment and attacks on plaintiff when" this defendant knew or should have known "that plaintiff was being targeted by inmates in a ongoing plot[.]" *Amended Complaint*, ¶¶ 167-68, 176 [sic].  These formulaic and conclusory recitations — devoid of any factual allegations whatsoever — are simply insufficient.  *See, e.g., Twombly*, 550 U.S. at 555.

Plaintiff also complains that defendant Mohr "affirmed defendant Buchanan's decision to place plaintiff Durham in Local Control, in spite of his receipt of information contained in (Exhibits R-39, and R 40.1) which notified Mohr of the unfairness of the proceedings (see

Exhibit R-41)." *Amended Complaint*, ¶ 146.  According to plaintiff, defendant Mohr's alleged "failure to take corrective action, and afford plaintiff Durham his rights to fair proceedings," resulted in plaintiff's continued detention in Local Control.  *Id.* at ¶¶ 147, 150. This claim is deficient for at least two reasons.  First, as noted *supra*, a supervisor cannot be held liable merely for a subordinate's actions.  *Turner*, 412 F.3d at 643.  Second, a prison inmate has no inherent constitutional right to an effective prison grievance procedure.  *See*, *e.g.*, *Argue v. Hofmeyer*, No. 03-1156, 80 F.App'x 427, at *430 (6th Cir. Oct. 20, 2003); *Young v. Gundy*, No. 01-2111, 30 F.App'x 568, at *569-70 (6th Cir. Mar. 7, 2002) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996)).  Prison officials are not obligated to respond to an inmate's grievances in a way that is satisfactory to the inmate.  *Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 221 F.3d 1335 (Table), 2000 U.S. App. LEXIS 14087, at *3 (6th Cir. June 14, 2000).  Plaintiff's allegations that defendant Mohr's action or inaction that allegedly deprived plaintiff of "fair proceedings" must therefore be dismissed.  *Id.; Lee v. Mich. Parole Bd.*, No. 03-1775, 104 Fed. Appx. 490, at *493 (6th Cir. June 23, 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.") (citing *Sheheen v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

In short, the claims asserted against defendant Mohr in the *Amended Complaint* are insufficient to state a claim for relief against him.

Plaintiff seeks leave to further amend the *Amended Complaint* "to include facts [dating back to 2011] regarding defendant Mohr which Plaintiff mistakenly left out." *Opposition*, pp. 7-8. Although Rule 15(a) of the Federal Rules of Civil Procedure provides that a "court should freely grant leave [to amend] when justice so requires[,]" *see* Fed. R. Civ. P. 15(a)(2), the grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). A court must therefore dismiss a complaint - and deny leave to amend a complaint as futile - if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Plaintiff has not proffered a proposed second amended complaint, and the Court has no basis upon which to even speculate as to the sufficiency of any facts that plaintiff might allege against defendant Mohr. Plaintiff's request for leave to further amend the complaint is, under these circumstances, without merit.

**III. Motion to Add Exhibits**

Plaintiff asks the Court to accept certain exhibits "as a part of the pleadings and case, to show that Plaintiff acted diligently in trying to exhaust administrative remedies[.]" ECF 36, pp. 1-2. It is not clear what plaintiff intends by this request. Because the *Motion*

13

*to Dismiss* does not address exhaustion, the Court assumes that plaintiff does not seek the Court's consideration of these exhibits in connection with the *Motion to Dismiss*.  Although plaintiff may submit evidence in connection with a motion or trial, the Court will not entertain "evidence" offered for the Court's general consideration.

**WHEREUPON**, plaintiff's request to submit and "make exhibits part of the pleadings and case," ECF 36, is **DENIED** without prejudice to submission, if otherwise appropriate, in connection with a motion or trial.

It is **RECOMMENDED** that *Defendants' Motion to Dismiss*, ECF 28, be **GRANTED**.  It is specifically **RECOMMENDED** that

(1)  the claims arising out of events that are alleged to have occurred prior to June 12, 2012 be **DISMISSED** as untimely;

(2)  the claims against defendants Michael Sheets, Justin Johnson and Rosalie Battles be **DISMISSED** without prejudice to pursuit in *Durham v. Chief Bureau of Classification and Reception, et al.,* 1:13-cv-226 (S.D. Ohio), rather than in this litigation;

(3)  the claims against defendants Earlena Schorr, Rick Cockrill, Timothy Stirr, Haynes, Robert Whitten and L.C. Coval be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 4(m);

(4)  the claims against defendant Gary Mohr be **DISMISSED**.

If any party seeks review by the District Judge of this *Report*

*and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


April 10, 2015                                    *s/Norah McCann King*
                                        Norah McCann King
                                  United States Magistrate Judge