```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION

ROY A. DURHAM, JR.,

          Plaintiff,

     vs.                              Civil Action 2:14-cv-581
                                      Judge Marbley
                                      Magistrate Judge King
GARY C. MOHR, et al.,

          Defendants.
```

**OPINION AND ORDER**

Plaintiff, currently incarcerated in the Toledo Correctional Institution ("ToCI"), brings this action under 42 U.S.C. § 1983 alleging that defendants failed to place plaintiff in protective custody and thus caused plaintiff to be subjected to harassment and assault by other inmates, in violation of plaintiff's rights under the Eighth Amendment to the United States Constitution.  This matter is now before the Court on plaintiff's motion for a ruling, ECF 40; plaintiff's motion to stay proceedings, ECF 44; and plaintiff's motion to clarify, ECF 45.

The undersigned previously recommended that defendants' motion to dismiss certain claims and certain parties be granted.  *Order and Report and Recommendation*, ECF 37 ("*Report and Recommendation*").  Thereafter, plaintiff submitted 170 pages of "exhibits."  ECF 38.  On April 27, 2015, the Court docketed plaintiff's objections, which bear a handwritten date of April 13, 2015, to this recommendation.  ECF 39.  Defendants responded to the objections.  *See* ECF 41.  Upon plaintiff's motion, ECF 42, the Court granted plaintiff until June 10, 2015, to

supplement the objections.  *Order*, ECF 43.  No supplement was received by this Court.

Plaintiff has now filed two motions that appear to be missing attachments or pages but which express uncertainty as to whether the Court and defense counsel received his April 13, 2015 objections.  ECF 40, 45.  Plaintiff explains that, although these objections were submitted to ToCI officials for mailing, "the original copy (Court's copy) of his objection had been returned back to him by this Court without any ruling or order to his objection."  ECF 40, p. 7.  *See also* ECF 45, pp. 2-3.  Plaintiff asks this Court to mail a copy of his objections to defense counsel and to rule on his April 13, 2015 objection.  *Id*. at 1-2, 7-8.

Plaintiff has also filed a motion to stay proceedings, contending that an ongoing campaign of harassment has denied him access to the courts by limiting the funds available for his civil lawsuits, limiting his access to or denying his access to the law library, and depriving him of legal materials while in segregation.  *See generally* ECF 44.  As a result of these deprivations, plaintiff contends, he "cannot conduct effective litigation" or pursue discovery.  *Id*. at 8-9, 10, 23, 27-28.  He therefore asks the Court to grant him a "stay of the proceedings and stay of discovery; and toll the time to which Plaintiff have to file his claims against (S.O.C.F.) officials/employees."  *Id*. at 10.

As set forth *supra*, the Court has in fact received and docketed plaintiff's April 13, 2015 objections, ECF 39, and defendants have

2

responded to those objections.  *See* ECF 41.  Therefore, to the extent that plaintiff asks this Court to serve a copy of his objections on defense counsel, *see* ECF 40 and 45, those requests are **DENIED as moot.**

Plaintiff does not specifically argue in his motion to stay, ECF 44, that the alleged campaign of harassment has prevented him from timely supplementing his objections in accordance with the earlier *Order*, ECF 43.  However, construing plaintiff's allegations liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court will assume that plaintiff intends to allege that, for reasons beyond his control, he has been unable to timely supplement those objections.  The Court will therefore grant plaintiff additional time – until July 2, 2015 – in which to supplement his objections.  Plaintiff is **ADVISED** that, after this date, the Court will regard his objections as ripe for consideration, regardless of whether plaintiff has supplemented those objections.  As it relates to the broader prosecution of this case, plaintiff's motion to stay, ECF 44, is **DENIED** without prejudice to renewal following resolution of the objections.  Similarly, to the extent that plaintiff seeks a ruling on his objections, ECF 40, the Court has established a schedule *supra* regarding those objections and plaintiff's request in that regard is therefore **DENIED as moot**.


June 18, 2015                                         *s/Norah McCann King*
                                                       Norah McCann King
                                                  United States Magistrate Judge