```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

ROY A. DURHAM, JR.,

        Plaintiff,

  vs.                                  Civil Action 2:14-cv-581
                                        Judge Marbley
                                        Magistrate Judge King

GARY C. MOHR, *et al.*,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on plaintiff's motion to compel, ECF 55 ("*Motion to Compel*"),[1] and plaintiff's *Petition for Order to Reserve Evidence*, ECF 58 ("*Motion to Preserve Evidence*").

## I.  Background

The *Complaint*, ECF 3, was filed by plaintiff on June 17, 2014 when plaintiff was incarcerated at the Southern Ohio Correctional Facility ("SOCF"). On July 10, 2015, plaintiff, currently incarcerated at the Toledo Correctional Institution ("ToCI"), filed the *Amended Complaint*, ECF 8.

On December 24, 2015, plaintiff filed a motion for an order compelling defendant Gary C. Mohr to produce certain information. ECF 19. The Court denied that motion, which appeared to be an initial discovery request, and directed plaintiff to serve initial discovery requests on defense counsel. *Order*, ECF 20. Thereafter, plaintiff

---

[1] Plaintiff's motion, ECF 55, also asked that the Court extend case deadlines, a request that the Court addressed in an earlier *Order*, ECF 56. *See also infra*.

requested that the Court reconsider this decision, representing that he does not know the identity of defense counsel.  ECF 24.  In an order resolving this request, the Court advised plaintiff on January 13, 2015, that defendants were represented by Thomas N. Anger, Esq., and provided Attorney Anger's contact information in the Ohio Attorney General's office.  *Order*, ECF 27, p. 1.

After many of the defendants responded to the *Amended Complaint*, *see*, *e.g.*, ECF 28, 29, the Court established a case schedule that requires, *inter alia*, that discovery be completed by June 1, 2015 and that dispositive motions be filed by July 1, 2015.  *Scheduling Order*, ECF 30, pp. 1-2.  The Court specifically advised that the discovery completion date required that discovery requests be made sufficiently in advance to permit timely response by that date.  *Id*.

On October 7, 2015, defendants moved to extend the dispositive motion deadline, representing, *inter alia*, that, as of October 2, 2015, Attorney Anger was no longer employed by the Corrections Litigation Unit and that new counsel, Gene D. Park, had recently taken over representation of defendants in this action.  ECF 52, p. 4 (citing *Declaration of Gene D. Park*, ¶ 2 ("*Park Declaration*"), attached thereto).  Plaintiff also requested additional time for discovery.  ECF 55.  On October 14, 2015, the Court extended the deadline for completing discovery to February 15, 2016 and the deadline for filing dispositive motions to April 15, 2016.  *Order*, ECF 56, p. 2.  In extending these deadlines, the Court again reminded the parties that the discovery completion date requires that discovery

requests be made sufficiently in advance to permit timely response by that date.  *Id*.

Plaintiff has now moved to compel certain information from defendants, *see generally Motion to Compel.* Defendants oppose the motion.  *Defendants' Response to Plaintiff's Motion to Compel Discovery*, ECF 57 ("*Opposition*").  Plaintiff has replied in two filings.  *See* ECF 59 (pages 1-9); ECF 60 (pages 10-21) (collectively, "*Reply*").

**II.  Standard**

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to respond to interrogatories submitted under Rule 33 and/or requests for production of documents under Rule 34.  Fed. R. Civ. Pro. 37(a)(3)(B)(iii), (iv). "The 'proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.'"  *O'Malley v. NaphCare Inc*., No. 3:12-CV-326, 2015 WL 6180234, at *2 (S.D. Ohio Oct. 21, 2015) (quoting *Hendricks v. Hazzard*, No. 2:11–cv-399, 2013 WL 4052873, at *3 (S.D. Ohio Aug. 12, 2013)).

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Relevance for discovery purposes is extremely broad.  *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial.  The test is whether the line of interrogation is reasonably calculated to lead to

the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).

In addition, the party moving to compel discovery must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). *See also* S.D. Ohio Civ. R. 37.2. Similarly, Local Rule 37.1 provides that discovery related motions "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences." S.D. Ohio Civ. R. 37.1.

**III. Discussion**

Defendants first argue that the Court should deny the *Motion to Compel* because plaintiff fails to attach the required certification under Rule 37(a)(1). *Opposition*, pp. 2-3. While it is true that plaintiff's motion omits the certification, the Court notes that plaintiff attaches a declaration to the *Reply* that sets forth the steps he purportedly took to obtain the requested discovery. *See Declaration of Roy A. Durham, Jr.*, ECF 60, PAGEID#:1749-1751 ("*Plaintiff's Declaration*"). Under the particular circumstances of this case, the Court concludes that plaintiff has sufficiently met the requirements of Rule 37(a)(1).

At the heart of the parties' discovery dispute is whether or not plaintiff served discovery requests on defendants' former counsel, Attorney Anger, before filing the *Motion to Compel*. Plaintiff

4

represents that he sent letters addressed to Attorney Anger dated March 15, 2015 and June 1, 2015, requesting certain discovery, including, *inter alia*, certain video recordings allegedly involving plaintiff. *See*, *e.g.*, *Motion to Compel*, PAGEID#:1685-1686; Exhibit 1-B, ECF 55, PAGEID#:1696-1698 (copy of letter dated March 15, 2015); *Reply*, PAGEID#:1734-1735, 1737-1739, 1741; *Plaintiff's Declaration*, ¶¶ 2, 4. Plaintiff further represents that, when he did not receive any response to his discovery requests, he followed up with Attorney Anger by letter dated September 9, 2015. *See*, *e.g.*, *Motion to Compel*, PAGEID#:1685-1686; Exhibit 1-A, ECF 55, PAGEID#:1699-1700 (copy of letter dated September 9, 2015); *Reply*, PAGEID#:1734-1735, 1738-1739; *Plaintiff's Declaration*, ¶ 3. Plaintiff also represents that, on October 7, 2015, he sent copies of, *inter alia*, his letters dated March 15, 2015 and September 9, 2015, "to the office of the Ohio Attorney General, Criminal Justice Section[,]" but received no response. *Plaintiff's Declaration*, ¶¶ 5-6.

Defendants, however, dispute that plaintiff sent letters dated March 15, 2015 and June 1, 2015, and represent that current counsel's review of the case file reveals no such letters. *Opposition*, pp. 2-3. Defendants also contend that ToCI records undermine plaintiff's assertion that he mailed such letters. First, defendants contend that plaintiff's ToCI inmate account does not show any transactions for mail. *Id*. (citing Exhibit 1, attached thereto). Defendants next contend that ToCI's legal mail log from March 2015 does not reveal that plaintiff sent outgoing mail to the Ohio Attorney General around

5

the date of March 15, 2015.  *Id*. at 2 (citing Exhibit 2, attached thereto).  Defendants also contend that inmate cash slips to purchase postage do not show that plaintiff purchased any postage around the date of March 15, 2015.  *Id*. (citing Exhibit 3, attached thereto).  Instead, defendants represent that the only letter dated June 1, 2015, that counsel received from plaintiff was a cover letter regarding motions in this case and in other cases, which did not contain any discovery requests.  *Id*. (citing Exhibit 4, attached thereto).  For all of these reasons, defendants take the position that they have never received any discovery requests from plaintiff and that the Court should therefore deny the *Motion to Compel*.  *Id*.

In reply, plaintiff insists that he mailed letters on March 15, 2015, June 1, 2015, and September 9, 2015, explaining why each one of defendants' attached exhibits does not conclusively establish that he failed to mail these letters; plaintiff also notes that current counsel does not represent that he did not find the letter dated September 9, 2015 in the case file.  *See generally Reply*.

Based on this record, the Court is unable to determine whether plaintiff served discovery requests prior to filing the *Motion to Compel*.  A party cannot successfully move for an order compelling the production of documents when that party did not first seek this information in accordance with Rule 34.  *See* Fed. R. Civ. P. 37(a)(3)(B)(iv) (permitting a party to move for an order compelling production when a party fails to respond to a request pursuant to Rule 34); *McDermott v. Cont'l Airlines, Inc*., No. 08-3557, 339 F. App'x

6

552, at *560 (6th Cir. July 30, 2009) (finding no abuse of discretion in denying motion to compel where moving party did not request documents pursuant to Rule 34); *Nilavar v. Mercy Health Sys. - W. Ohio*, 210 F.R.D. 597, 610 (S.D. Ohio 2002) ("However, Rule 34 is the formal mechanism by which documents are to be requested, and Plaintiff's Motion to Compel Discovery is only viable as to documents requested by that method."). Accordingly, because the Court cannot confirm whether plaintiff first served his discovery requests before moving to compel production of the requested documents, the Court declines to grant the *Motion to Compel*.

The Court **DENIES** the *Motion to Compel,* but without prejudice to renewal should defendants fail to respond to discovery requests propounded by plaintiff on current defense counsel, Attorney Park.

The parties are **REMINDED** that the deadline for completing discovery remains February 15, 2016 and the deadline for filing dispositive motions remains April 15, 2016. *Order*, ECF 56, p. 2. The parties are **FURTHER REMINDED** that the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response by that date.

Finally, plaintiff's *Motion to Preserve Evidence* appears to request an order compelling defendants to produce or preserve video recordings that are the subject of the *Motion to Compel*. For the reasons previously stated, however, this request is not well-taken.

**WHEREUPON**, plaintiff's motion to compel, ECF 55, and plaintiff's *Petition for Order to Reserve Evidence*, ECF 58, are **DENIED** consistent with the foregoing.


December 23, 2015                              *s/Norah McCann King*
                                              Norah McCann King
                                         United States Magistrate Judge