IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROY A. DURHAM, JR., | : | |
| | : | Case No. 2:14-cv-581 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Jolson |
| GARY C. MOHR, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter comes before the Court on Magistrate Judge Jolson's November 1, 2016 **Report and Recommendation** (Doc. 110), recommending that this Court dismiss Plaintiff Roy Durham's suit for failure to prosecute. For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's **Report and Recommendation**. Durham's suit is hereby **DISMISSED**, and all remaining dispositive motions, objections to ancillary reports and recommendations from the Magistrate Judge, and requests for extension of time (Docs. 95, 100, 106, 111, 113, at 114) are **DENIED AS MOOT**.

### I.  BACKGROUND

In June 2014, Roy Durham filed suit under 42 U.S.C. § 1983 against Gary Mohr, the Director of the Ohio Department of Rehabilitation and Corrections ("ODRC"), and a host of other prison officials from the Ross Correctional Institute. (Doc. 3). The Court subsequently dismissed several defendants (Doc. 7), and Durham later filed an amended complaint (Doc. 8). Over a year later, this Court adopted the Magistrate Judge's Report and Recommendation concerning Defendants' motion to dismiss, further trimming Durham's claims and the number of defendants subject to suit. (Doc. 50).

Durham later moved to supplement his amended complaint to add new claims regarding alleged violations of internal ODRC policies concerning his placement in protective control. (Doc. 80). Defendants opposed his motion (Doc. 85), and the Magistrate Judge issued an Order finding that violations of institutional procedural rules do not give rise to a federal due-process claim. (Doc. 96) (denying Durham's motion to amend/correct due to futility). Durham then filed objections to the Magistrate Judge's Order, which denied his motion to supplement or correct his first amended complaint. (Doc. 106). Those objections remain pending.

Durham also moved to compel certain discovery responses and to preserve evidence of future video recordings allegedly being made at the Toledo Correctional Institute ("ToCI"), where he was housed. (Doc. 73). Defendants opposed this motion insofar as it sought to compel the preservation of future video recordings at ToCI, because those recordings could not possibly relate to Durham's claims against prison officials at *Ross* Correctional Institute for their failure to protect him nearly three years earlier. (Doc. 75). Defendants did, however, express their willingness to respond to Durham's discovery requests. (*Id.*). The Magistrate then issued an Order finding that, due to Defendants' subsequent production of substantial written discovery, "it is not clear that any discovery dispute actually exists between the parties and, if so, what the dimensions of that dispute may be." (Doc. 94). Accordingly, the Magistrate denied Durham's motion to compel "without prejudice," subject "to renewal upon exhaustion of efforts to resolve any remaining discovery dispute." (*Id.*). Durham later filed objections to the Magistrate's Order, which denied his motion to compel. (Doc. 95). In his objections, Durham also requested reconsideration of several previous scheduling orders. (*Id.*) (seeking reconsideration of Scheduling Order (Doc. 81); and Scheduling Order (Doc. 89)). These objections remain pending too.

On August 31, 2016, Defendants moved for summary judgment on all claims. (Doc. 100). Under the Court's Local Rules, Durham had twenty-one days to file a response opposing Defendant's motion for summary judgment. *See* S.D. Ohio Local Civ. R. 7.2(a)(2). Durham failed to file any response by September 21, 2016, as required.

Due to Durham's pro se status, the Magistrate issued an Order on October 11, 2016, advising Durham of his obligation to respond to Defendants' motion for summary judgment. (Doc. 107). The Magistrate both explained the requirements under the Local Rules and ordered Durham "to file an opposing memorandum, if any, within fourteen days of the date of this Order"—i.e., by October 25, 2016. (*Id.*). The Magistrate Judge explicitly warned Durham that his "[f]ailure to do so may result either in the motion [for summary judgment] being treated as unopposed, or in dismissal of this action for failure to prosecute." (*Id.*). Despite these explicit warnings, Durham failed to file a response.[1]

---

[1] Although Durham did not file a response by October 25, 2016, as ordered, he did place a "motion for time extension" in the prison mails on October 24, 2016. That motion was received by the clerk of court and docketed on November 7, 2016. (Doc. 111). Under the "prison mailbox rule," the Court deems this motion to have been filed on October 24, 2016. *Taylor v. Brown*, 787 F.3d 851, 858-59 (7th Cir. 2015). Nevertheless, this motion does not save Durham's action from his failure to prosecute. Aside from rearguing his complaint for nearly six pages, (Doc. 111, PageID 2925-30), Durham offers no adequate justification for a tenth extension of time in this case, (*see* Docs. 32, 43, 56, 64, 77, 87, 92, 99, and 105). Instead, he simply takes issue with an earlier scheduling order—which established deadlines for dispositive motions, including Defendants' motion for summary judgment—and levels baseless accusations of bias and favoritism at the Magistrate Judges, who have been more than accommodating in handling his pro se action. (*See* Doc. 111, PageID 2931-32) (citing Scheduling Order, Doc. 105).

To the extent Durham argues that he needed resolution of his pending objections from *this* Court before responding to Defendants' motion for summary judgment, he is mistaken. Under Rule 56, a party may file a motion for summary judgment "*at any time* until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added). And while courts "may"—but need not—defer ruling on a motion for summary judgment where the nonmovant shows, "for specified reasons," that it "cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d), Durham made no showing here. Whether Durham may amend his complaint has no bearing on his ability to respond to Defendants' motion for summary judgment on the claims *already pleaded*. Similarly, whether ORDC must preserve video evidence at ToCI moving forward has no bearing on Durham's ability to respond to Defendants' motion for summary judgment on his claims against officials at *Ross* Correctional Institute for their conduct in 2012-2013. Put simply, Durham could, and should, have responded to Defendants' motion.

On November 1, 2016, Magistrate Judge Jolson issued another Report and Recommendation—this time recommending that Durham's action be dismissed for failure to prosecute. (Doc. 110). Magistrate Judge Jolson advised Durham that he may file objections within fourteen days of the Report and warned that a failure to do so could "result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*," as well as "a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation." (*Id.*) (citations omitted). Fourteen days passed, and Durham did not file any objections to the Magistrate Judge's Report and Recommendation.[2]

## II. ANALYSIS

Trial courts possess inherent authority to dismiss a plaintiff's action with prejudice due to a failure to prosecute. *Link v. Wabash Ry. Co.*, 370 U.S. 626, 629-30 (1962). This power stems from the need to prevent undue delays in disposing of cases and to "avoid congestion in the calendars of the District Courts." *Id.* Federal Rule of Civil Procedure 41(b) effectively codified this "ancient," inherent power to dismiss for failure to prosecute. *Id.* at 630 (citing Fed. R. Civ. P. 41(b)). Magistrate Judge Jolson relied on *Link* and Rule 41(b) in recommending that the Court dismiss Durham's suit for failure to prosecute. (Doc. 110).

---

[2] Here again, Durham placed a "Motion for Time Extension" in the prison mails on November 12, 2016, instead of filing objections to the Magistrate Judge's Report and Recommendation, as he was advised to do in no uncertain terms. (Doc. 113). Under the "prison mailbox rule," the Court deems this most recent motion for an extension to have been filed on October 24, 2016. *Taylor* 787 F.3d at 858-59. Nevertheless, Durham's most recent request for an extension of time likewise fails to assert good cause for yet another delay. Instead, he merely alleges that he needs an additional twenty-one days to obtain evidence from ToCI "which will support his claims." (Doc. 113, PageID 3054). Durham has lost sight of the forest (his lawsuit against prison officials at the *Ross* Correctional Institute) in favor of a single tree (continuing allegations of a "conspiracy" at the *Toledo* Correctional Institute). Obtaining evidence from ToCI would have no bearing on Durham's ability to object to the Magistrate Judge's November 1, 2016 Report and Recommendation.

Finally, on November 29, 2016, Durham placed a set of objections to the Magistrate Judge's Report and Recommendation in the prison mails. (Doc. 114). His objections were received by the clerk of courts and docketed on December 2, 2016. (*Id.*). But those objections were filed two weeks too late, even with the benefit of the prison mailbox rule.

Under 28 U.S.C. § 636(b), parties must file written objections to the proposed recommendations of a magistrate judge within fourteen days of being served with a copy. So long as a party was "properly informed of the consequences of failing to object" under § 636(b), "the party waives subsequent review by the district court . . . if it fails to file an objection." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Thomas v. Arn*, 474 U.S. 140, 147-50 (1985), and *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)).

Here, the Magistrate Judge properly advised Durham of the consequences of failing to object to her Report and Recommendation that recommended his suit be dismissed. (Doc. 110). Durham nevertheless opted not to file timely objections. Accordingly, he has waived any review of that recommendation by this Court. *Miller*, 50 F.3d at 380; *see also, e.g.*, *Hughes v. Wilson*, 86 F. App'x 900, 901 (6th Cir. 2004) (affirming district court's dismissal of suit after plaintiff failed to file objections to magistrate judge's report and recommendation); *Pyatt v. Comm'r of Soc. Sec.*, 771 F. Supp. 2d 891, 893 (S.D. Ohio 2011) (Marbley, J.) (adopting report and recommendation after finding "no objections have been filed and . . . the time for filing such objections has expired").

### III.  CONCLUSION

The Court **ADOPTS** the Magistrate Judge's **Report and Recommendation** (Doc. 110), thereby **DISMISSING** Durham's suit for failure to prosecute. All remaining motions and objections (Docs. 95, 100, 106, 111, 113, and 114) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                                     s/ Algenon L. Marbley
                                                  **ALGENON L. MARBLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

**DATED:  December 6, 2016**